discretion. It must act in accordance with the procedure which the statute prescribes (*Matter of Hines* v. *State Board of Parole*, 293 N. Y. 254; cf. *People ex rel. Marvin* v. *McDonnell*, 280 App. Div. 367; *People ex rel. Ingenito* v. *Warden*, 267 App. Div. 295, 300, affd. 293 N. Y. 803). Since to this degree at least the actions of the Board of Parole are subject to review, a record must be supplied (cf. *Kwock Jan Fat* v. *White*, 253 U. S. 454). But that deficiency has been cured by the supplementary brief of the Attorney-General in which the record of the hearing has been made available to relator. No useful purpose would be served at this point to remand this habeas corpus proceeding to Special Term for further proceedings in the light of the record. Hence, the judgment should be affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THADEUS DOBIESZ, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 24, 1969, which dismissed the writ. Judgment affirmed, without costs (*People ex rel. Baker* v. *Follette*, 33 A D 2d 1052; cf. *People ex rel. Smith* v. *Deegan*, 32 A D 2d 940). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SANTOS ORTIZ, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 24, 1969, which dismissed the writ. Judgment affirmed, without costs (*People ex rel. Baker* v. *Follette*, 33 A D 2d 1052; *People ex rel. Smith* v. *Deegan*, 32 A D 2d 940; *People ex rel. Coleman* v. *Follette*, 33 A D 2d 575; *Matter of Menechino* v. *Division of Parole, New York City*, 32 A D 2d 761). Brennan, Acting P. J., Martuscello and Kleinfeld, JJ., concur; Hopkins and Benjamin, JJ., dissent and vote to reverse the judgment and to remand the matter to the Board of Parole for a new hearing, at which relator should be afforded counsel, with the following memorandum: We dissent for the reasons stated in our dissenting memorandum in *People ex rel. Allen* v. *Follette* (33 A D 2d 1051).

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL SOTO, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 24, 1969, which dismissed the writ. Judgment affirmed, without costs (*People ex rel. Baker* v. *Follette*, 33 A D 2d 1052; cf. *People ex rel. Smith* v. *Deegan*, 32 A D 2d 940). Rabin, Acting P. J., Munder and Martuscello, JJ., concur; Hopkins and Benjamin, JJ., dissent and vote to reverse the judgment and to remit the matter to the Board of Parole for the purpose of a hearing at which the relator shall be entitled to counsel, and which otherwise shall be held pursuant to the provisions of section 218 of the Correction Law, in accordance with their dissent in *People ex rel. Allen* v. *Follette* (33 A D 2d 1051).

■ BARBARA SINGER, Appellant, v. LAWRENCE SINGER, Respondent. (Action No. 1.) BARBARA SINGER, Appellant, v. SOMERHILL for TEENAGERS, INC., et al., Respondents. (Action No. 2.)— In an action by a wife to annul a separation agreement entered into with her husband in November, 1964 (Action No. 1), plaintiff appeals from an order of the Supreme Court, Kings County, dated October 2, 1969, which upon the court's own motion, directed consolidation of that action with Action No. 2, which is a suit by the same plaintiff, against the same defendant and a corporation whose capital stock is owned solely by the defendant-husband, to recover for services allegedly rendered to and monies invested in the corporation. Order reversed, on the law and the facts, without